# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0390-16T5

IN THE MATTER OF THE
CIVIL COMMITMENT OF
E.C. SVP-14-99.

_____

Submitted October 4, 2018 – Decided November 7, 2018

Before Judges O'Connor and Whipple.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. SVP-14-99.

Joseph E. Krakora, Public Defender, attorney for appellant E.C. (Nancy C. Hayes, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent State of New Jersey (Melissa H. Raksa, Assistant Attorney General, of counsel; Stephen J. Slocum, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner, E.C., appeals from an August 9, 2016 order continuing his involuntary commitment to the Special Treatment Unit (STU) pursuant to the

Sexually Violent Predator Act (SVPA), N.J.S.A. 30:4-27.24 to -27.38. We affirm.

E.C. is a sixty-five-year-old man with a significant history of sexually violent acts. We have previously outlined E.C.'s criminal history in In re Civil Commitment of E.C., No. A-0810-09 (App. Div. Feb. 11, 2010) (slip op. at 1), and only reiterate the procedural history here.

On October 8, 1999, E.C. was committed to the STU pursuant to the State's petition. E.C. has had numerous review hearings since his original commitment in 2000. His most recent hearing, the subject of this appeal, began in 2016.

During the proceeding before Judge James F. Mulvihill, the State presented the expert testimony of psychiatrist Roger Harris, M.D., and psychologist Debra Roquet, Pys.D. E.C. presented the expert testimony of psychiatrist Daniel Greenfield, M.D.

Dr. Harris noted E.C. scored a six on the Static-99R actuarial tool, which corresponds to a high risk of recidivism in the context of violent sexual crimes. Dr. Harris testified E.C. has a history of violent sexual crimes, including reoffending shortly after his release from confinement. Dr. Harris also testified E.C. suffers from antisocial personality disorder, paraphilic disorder to coercion

A-0390-16T5

with sadistic traits, and multiple substance abuse disorders. He noted E.C. has made progress in certain treatment modules at STU, however, E.C. has not yet internalized and applied enough of the treatment to reduce his risk to reoffend.

Dr. Roquet was a member of the Treatment Progress Committee that conducted its annual evaluation of E.C. and recommended E.C. remain in Phase 3B of treatment because of concerns about his antisocial personality traits, which pose a risk for reoffending. Dr. Roquet testified E.C. received a score of 29.5 on the PCL-R actuarial tool, indicating he is high in the range of behaviors consistent with psychopathy. Like Dr. Harris, Dr. Roquet scored E.C. at six on the STATIC-99R actuarial tool and diagnosed E.C. with specified paraphilic disorder to non-consent with sadistic elements, antisocial personality disorder, and multiple substance abuse disorders. Dr. Roquet testified E.C. is involved in treatment; however, he exhibits little progress with respect to his deviant sexual arousal. She opined E.C. is highly likely to reoffend.

Dr. Greenfield supported the conditional release of E.C. believing E.C. could be managed through continued outpatient treatment. Dr. Greenfield stated E.C. has responded well to treatment and opined E.C.'s past criminal sexual history is too old to predict E.C.'s future behavior. Dr. Greenfield diagnosed

A-0390-16T5

E.C. with paraphilic disorder, which predisposes E.C. to sexually offend, but he opined E.C. was not likely to revert back or experience this again.

On August 9, 2016, Judge Mulvihill concluded the State had proven, by clear and convincing evidence, all of the required elements under SVPA to continue E.C.'s involuntary civil commitment to the STU for control, care, and treatment. He noted while E.C. has made progress in treatment, he has not made sufficient progress to substantially reduce his risk to recidivate if released. Judge Mulvihill found Dr. Harris extremely credible and he had testified E.C. suffers from a mental abnormality personality disorder, is predisposed to sexual violence, and has serious difficulty controlling his sexually violent behavior. Judge Mulvihill also found Dr. Roquet very credible after she testified E.C. is making progress in his treatment, but he is still highly likely to sexually reoffend.

Judge Mulvihill found defense expert Dr. Greenfield credible, but disagreed with Dr. Greenfield's assessment. The judge concluded based on the testimony, E.C. "continues to suffer from a mental abnormality personality disorder that does not spontaneously remit; [a]ffects him emotionally, cognitively and volitionally." The judge further found E.C. was predisposed to sexual violence, had serious difficulty controlling his sexually violent behavior,

4

and was highly likely to sexually reoffend. Judge Mulvihill signed an order reflecting his determination on August 9, 2016 and ordered a review hearing for July 20, 2017. This appeal followed.

E.C. argues the following point on appeal.

> THE STATE FAILED TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT RESPONDENT E.C. IS A SEXUALLY VIOLENT PREDATOR AND THAT THE RISK OF FUTURE RECIDIVISM IS AT A SUFFICENTLY HIGH LEVEL TO JUSTIFY CONTINUED CIVIL COMMITMENT UNDER THE CURRENT TREATMENT PLAN.

Our scope of review of a SVPA commitment trial "is extremely narrow." In re Civil Commitment of R.F., 217 N.J. 152, 174 (2014) (quoting In re D.C., 146 N.J. 31, 58 (1996)). We must "give deference to the findings of our trial judges because they have the 'opportunity to hear and see the witnesses and to have the "feel" of the case, which a reviewing court cannot enjoy.'" Ibid. (quoting State v. Johnson, 42 N.J. 146, 161 (1964)). Moreover, "[t]he judges who hear SVPA cases generally are 'specialists' and 'their expertise in the subject' is entitled to 'special deference.'" Ibid. (quoting In re Civil Commitment of T.J.N., 390 N.J. Super. 218, 226 (App. Div. 2007)). We thus accord a trial court's determination substantial deference; such a decision may "be modified only if the record reveals a clear mistake." D.C., 146 N.J. at 58.

5

Under the SVPA, "[i]f the court finds by clear and convincing evidence that the person needs continued involuntary commitment as a sexually violent predator, it shall issue an order authorizing the involuntary commitment of the person to a facility designated for the custody, care and treatment of sexually violent predators." N.J.S.A. 30:4-27.32(a). To classify a person as a sexually violent predator, the State must prove:

> (1) that the individual has been convicted of a sexually violent offense; (2) that he [or she] suffers from a mental abnormality or personality disorder; and (3) that as a result of his [or her] psychiatric abnormality or disorder, "it is highly likely that the individual will not control his or her sexually violent behavior and will reoffend[.]"
>
> [R.F., 217 N.J. at 173 (citations omitted) (quoting In re Commitment of W.Z., 173 N.J. 109, 130 (2002))].

See also N.J.S.A. 30:4-27.26 (enumerating the three requirements).

On appeal, E.C. argues the State did not meet its burden of proving by clear and convincing evidence that E.C. was a sexually violent predator and posed a sufficient risk of future recidivism to justify continued civil commitment. We disagree.

E.C.'s numerous convictions fall under the definition of "sexually violent offenses" set forth in N.J.S.A. 30:4-27.26. While E.C. only refers to his 1981 and 1984 offenses, the 1981 sexual assault alone is sufficient to satisfy the first

6

prong of SVPA. E.C. argues he was not convicted of any sexually violent offense since 1984, and while this is true, there is nothing in SVPA to suggest time mitigates the commission of a sexually violent offense. See N.J.S.A. 30:4-27.26. Accordingly, the trial court correctly found E.C. meets the first prong of SVPA by clear and convincing evidence.

The second prong of SVPA requires a person must suffer from a mental abnormality or personality disorder in order to be adjudicated a sexually violent predator. N.J.S.A. 30:4-27.26. "[T]he mental condition must affect an individual's ability to control his or her sexually harmful conduct." W.Z., 173 N.J. at 127.

Here, all three experts testified E.C. was suffering from paraphilic disorder. Accordingly, the second prong of the SVPA was satisfied by clear and convincing evidence.

The third prong of the test requires the court to determine whether "the individual poses a threat to the health and safety of others, which is established upon proof by clear and convincing evidence that he or she has serious difficulty in controlling his or her harmful behavior such that it is highly likely that [he] will not control his or her sexually violent behavior and will reoffend" by committing acts of sexual violence. R.F., 217 N.J. at 186; see also W.Z., 173

A-0390-16T5

N.J. at 130. In determining the likelihood of future sexually violent acts, courts are entitled to rely on a petitioner's inability to control dangerous sexual behaviors. W.Z., 173 N.J. at 132.

Based on the testimony at the hearing, Judge Mulvihill found E.C. is highly likely to engage in acts of sexual violence if not confined to a secure facility for further control and treatment. In determining E.C.'s risk of recidivism, experts considered E.C.'s offenses as both a juvenile and an adult, offenses after being released, high actuarial scores, and dynamic risk factors. In their reports and at trial, Drs. Harris and Roquet noted E.C.'s conditions predispose him to sexual violence, and he is highly likely to reoffend unless confined in a secure facility for treatment. The court relied on this evidence and testimony, finding the experts to be credible.

Accordingly, we conclude the record supports the trial court's determination that each of the elements under the SVPA were proven by clear and convincing evidence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0390-16T5